IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert L. Sisk; Bradley Shane Sheppard; Benjamin Wright; Gregory Lynn Sitz; and Victor Wilkes, | ) ) ) ) | C/A No. 0:15-2855-MBS-PJG |
| Petitioners, | ) ) | **ORDER** |
| v. | ) ) | |
| L. R. Thomas, | ) ) | |
| Respondent. | ) ) ) | |

This civil action, filed by five federal prisoners proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. The United States Court of Appeals for the Fourth Circuit has held that prisoners cannot bring a class action lawsuit. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others."); see also Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) (holding that a prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). Moreover, courts in this district have declined to permit prisoners to join in one civil action brought pursuant to 42 U.S.C. § 1983. See Williams v. Jones, C/A No. 9:14-787-RMG-BM, 2014 WL 2155251, at *10 (D.S.C. May 22, 2014) (adopting report and recommendation collecting cases holding that multiple prisoners may not join in one action); McFadden v. Fuller, C/A No. 2:13-2290-JMC, 2013 WL 6182365, at *2 (D.S.C. Nov. 22, 2013) (agreeing with the magistrate judge's conclusion that multiple prisoners "should not be allowed to proceed under one joint action"); see also Carroll v. United States, C/A No. 5:14-2167-

JMC, 2015 WL 854927, at *9-10 (D.S.C. Feb. 27, 2015) (denying joinder of seventy *pro se* prisoners).

While it does not appear that the Fourth Circuit has ruled on the issue of whether multiple prisoners are allowed to join in one habeas action, the claims in this Petition "will require individualized findings" and "individualized determinations" for each Petitioner. <u>Williams</u>, 2014 WL 2155251 at *11.  **Accordingly, the court concludes that the claims of the five Petitioners in the instant action should be separated for initial review.**

### **<u>TO THE CLERK OF COURT</u>**:

The captioned case shall pertain only to the first named Petitioner, Robert L. Sisk. Therefore, the Clerk of Court is directed to terminate Bradley Shane Sheppard, Benjamin Wright, Gregory Lynn Sitz, and Victor Wilkes as Petitioners in the above-referenced case. The Clerk of Court is further directed to assign separate civil action numbers to Petitioners Sheppard, Wright, Sitz, and Wilkes. The Clerk of Court shall file this order as the initial docket entry in the newly created cases, and shall re-file the instant Petition as the second docket entry in the newly created actions. The Respondent in the newly created cases will be the same Respondent listed in the captioned case. The Clerk of Court is authorized to determine the most efficient way and time for assigning and entering the new case numbers, party information, and pleading information on the court's electronic case management system.

After the new cases are docketed, the assigned Magistrate Judge is authorized to issue orders pursuant to the General Order issued in <u>In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants</u>, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), and conduct initial reviews in compliance

with the Rules Governing § 2254 Cases, which are made applicable to § 2241 habeas actions under Rule 1(b).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 5, 2015