IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Lynn Sitz,           )<br>                              )   Cr. No. 0:15-3083-MBS<br>            Petitioner,       )<br>                              )<br>    vs.                       )<br>                              )            **O R D E R**<br>L.R. Thomas,                  )<br>                              )<br>            Respondent.       )<br>_____) | |

      Petitioner Gregory Lynn Sitz is a prisoner in custody of the Bureau of Prisons who currently is housed at FPC-Edgefield in Edgefield, South Carolina. On September 10, 2015, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that he is being detained illegally. Petitioner alleges that prior convictions used to sentence him in the Eastern District of Texas as an armed career criminal do not qualify as crimes of violence under 18 U.S.C. 924(c). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation.

      The Magistrate Judge reviewed the petition pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1955, and other legal precedents. The Magistrate Judge determined that Petitioner's remedy is to bring an action pursuant to 28 U.S.C. § 2255. Accordingly, the Magistrate Judge issued a Report and Recommendation on October 22, 2015, recommending that the § 2241 petition be dismissed without prejudice. In a footnote, the Magistrate Judge noted the possible application of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), but observed that, since <u>Johnson</u> had not been determined to be retroactive to cases on collateral review, addressing the merits of a <u>Johnson</u> claim under § 2241 would be premature.

Since the issuance of the Magistrate Judge's Report and Recommendation, the United States Supreme Court has determined that <u>Johnson</u> is retroactively applicable to cases on collateral review. <u>See</u> <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016). Upon inquiry, Petitioner has informed the court that he has applied to the Fifth Circuit Court of Appeals for authorization to file a successive habeas application pursuant to <u>Johnson</u>, and that he has filed a § 2255 motion with the sentencing court. <u>See</u> ECF No. 28. It appears that Petitioner has obtained an adequate remedy pursuant to § 2255. <u>See</u> <u>In re Vial</u>, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

The court concurs in the recommendation of the Magistrate Judge. Petitioner's § 2241 motion is dismissed without prejudice and without requiring Respondent to file a return. Petitioner's motion for release (ECF No. 21) is **denied as moot**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 28, 2016.